CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 14 2009

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DESHAWN MOORE, | ) |
| | ) Case No. 7:09CV00111 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| SOUTHWEST VA REGIONAL JAIL | ) |
| HAYSI FACILITY, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff DeShawn Moore, a Virginia inmate proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, Moore alleges that an officer at the Southwest Virginia Regional Jail-Haysi Facility ("the jail") treated his complaint of chest pain as a non-emergency and that jail administrators are ignoring Moore's request to be transferred to another jail facility where his family members could more easily visit him. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

### Background

Moore bases his claims on the following alleged sequence of events. On March 2, 2009, around 3:30 a.m., Moore complained to an officer that he was having chest pains and wanted to go to the medical unit. The officer, who was doing a "walk through" at the time, told Moore that he would need to fill out a request form to go to medical. He promised to bring Moore a form. Moore lay down again, trying to "ease [his] chest pains." About 9:30 or 10:00 a.m., the officer returned to

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Moore's cell with a request form. Moore completed the form. The officer told him to put it in a box on the wall and someone would pick it up that night. Around 10:30 p.m., a night shift officer took Moore to the medical unit. When the nurse asked Moore if he was still having chest pains, he said, "No." The nurses examined him, found that his heart rate was low, performed an EKG, and scheduled him to see the doctor. They told Moore that if he suffered chest pains again, he did not need to file a request form; instead, he should tell a floor officer that he needed to go to medical right away. Officers arranged for Moore to identify the picture of the officer who told him to file a request form for chest pain.

Moore also asserts that pursuant to jail policy, he should be housed closer to his family. He has filed several requests for a transfer, but the administrator has responded by stating that Moore is assigned to the jail. Moore feels that jail staff look at him and treat him differently than they treat other inmates, because he is an African American. He seeks a transfer and monetary damages for pain and suffering.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." Factual allegations must be enough to raise a right to relief above the speculative level and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).

## A. Medical Treatment

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999); Sheldon v. C/O Pezley, 49 F.3d 1312, 1316 (8th Cir. 1995). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998).

Under these principles, the court cannot find that Moore's allegations state any constitutional claim actionable under § 1983. First, Moore's allegations demonstrate that his chest pain, while no doubt troubling and uncomfortable, did not present a serious need for emergency medical care. These pains dissipated on their own over several hours. When Moore was examined in the medical unit, the nurses offered no emergency treatment for his condition. Rather, they identified symptoms that warranted further testing and a doctor visit in the near future. Second, Moore fails to allege facts indicating that he made the floor officer aware of any serious medical need. He alleges mentioning the chest pain to the officer once at 3:30, but does not allege that he made any additional efforts to alert officers in the unit that his chest pain was ongoing or severe or that he had any reason to believe this particular chest pain to be a symptom of some condition requiring immediate medical evaluation. The alleged facts thus do not indicate that the officer knew Moore's condition presented a serious medical need for emergency medical attention, and as such, his failure to transport Moore

immediately to the medical unit was not the result of deliberate indifference. Certainly, officers who were notified of his ongoing chest pain were not deliberately indifferent to his need for medical attention. Once officials received his written request about the chest pain, he was taken to the medical unit at that point and fully examined. The court is satisfied that Moore cannot present facts consistent with his specific allegations that would state any claim against any jail official for deliberate indifference to a serious medical need. Therefore, the court will dismiss this claim, pursuant to § 1915A(b)(1).

## B. Other Claims

Inmates have no constitutional right to be housed in any particular prison or jail. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 223-224 (1976). Moreover, neither prisoners nor would-be visitors have any constitutional right to prison visitation. White v. Keller, 438 F. Supp. 110, 115 (D. Md. 1977), aff'd, 588 F.2d 913 (4th Cir. 1978). See also Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (finding no constitutional infringement where prison policies prevented some inmates from visiting with some relatives). While allegations of race discrimination may be actionable under § 1983, conclusory accusations that different treatment may have been motivated by race are insufficient to state such a claim. Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974); Knop v. Johnson, 667 F. Supp. 467, 501 (W.D. Mich. 1987) (finding that court will not infer discrimination from a few unrebutted incidents of different treatment).

Moore's allegations regarding transfer, visitation and race discrimination simply fail under these precedents. He has no constitutional right to visit with his family while he is incarcerated or to be housed in any particular jail or prison closer to them. Moreover, the jail policy that he submits does not create any such right. While the policy states that the jail "wants [inmates] to keep in

touch" with family and friends, it does not indicate that inmates will be transferred closer to home upon request. Finally, Moore's allegations of race discrimination are based on nothing more than his perception that officers may refuse him grievance forms on occasion or treat him differently in unidentified ways because he is an African American. He does not allege any specific facts on which he could prove that these perceived slights were motivated to any extent by his race. Such conclusory allegations do not state any claim actionable under § 1983.

## Conclusion

For the stated reasons, the court concludes that Moore cannot allege facts consistent with his allegations that state any constitutional claim. Accordingly, his § 1983 complaint must be dismissed, pursuant to § 1915A(b)(1). An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of April, 2009.

_____
United States District Judge